UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:08-CR-70-TAV-HBG-2 |
| HEATHER SHAY, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on the defendant's *pro se* motion for a sentence reduction in light of 18 U.S.C. § 3582(c) and Amendment 750 to the United States Sentencing Guidelines (the "Guidelines"), which reduces the base offense level for most offenses involving crack cocaine [Doc. 159]. The United States filed a response in opposition [Doc. 178]. The defendant's counsel later filed a memorandum in support of the motion, asserting that *United States v. Blewett* authorized this Court to grant the defendant relief under § 3582(c) [Doc. 187], and the government responded in opposition [Doc. 193].

I.  **Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is section 1B1.10 of the Guidelines Manual, which designates the amendments to the Guidelines that may be applied retroactively. *See Dillon v. United States*, — U.S. —, —, 130 S. Ct. 2683, 2691 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see also id.* at 2693 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding"). In relevant part, section 1B1.10 provides:

> (a)  Authority.--
>
> (1) In General.--In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if--
>
> . . .

> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S. Sentencing Guidelines Manual § 1B1.10 (revised Nov. 1, 2012). The application notes to section 1B1.10 also provide that, in considering a reduction in a defendant's term of imprisonment, a court must consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* § 1B1.10 cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

The FSA altered the statutory penalties for offenses involving crack cocaine and directed the Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary, emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Guidelines. *See* 76 Fed. Reg. 41332–35 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, thus authorizing retroactive application of the lowered offense levels contained in the FSA for offenses involving possession of crack cocaine. Because Amendment 750 may now be applied retroactively, *see* U.S. Sentencing Guidelines Manual § 1B1.10(c), if the sentencing range for the defendant's offense has been lowered by Amendment 750, then the Court has discretion

3

under § 3582(c)(2) to reduce the defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**II.     Analysis**

The defendant pleaded guilty to and was convicted of conspiring to distribute and possess with intent to distribute at least fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Doc. 139]. Pursuant to the 2009 version of the Sentencing Guidelines, a quantity of 50 grams of crack cocaine yielded a base offense level of 30 [Presentence Investigation Report ("PSR") ¶¶ 25, 30, 31]. After a three-level reduction for acceptance of responsibility, the defendant's total offense level was 27 [*Id.* ¶¶ 37, 38]. In light of her criminal history category of V and the statutory mandatory minimum, the resulting Guidelines range was 120 to 150 months' imprisonment [*Id.* ¶¶ 51, 69, 70]. Before sentencing, the government filed a motion for downward departure based upon the defendant's substantial assistance. The Court granted the motion and sentenced the defendant to 72 months' imprisonment, which was forty percent below the applicable Guidelines range and statutory mandatory minimum.

Applying Amendment 750 to the this case reduces the defendant's base offense level to 26, which results in a total offense level of 23, after a three-level reduction for acceptance of responsibility, and an amended Guidelines range of 84 to 405 months' imprisonment. However, the defendant remains subject to the statutory mandatory minimum of 120 months, which makes her effective Guidelines range 120 months'

4

imprisonment.  *See* U.S. Sentencing Guidelines Manual § 5G1.1(b); *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009) (explaining that, where a statutory mandatory minimum exceeds the Guidelines range, that mandatory minimum becomes the Guidelines sentence).  Moreover, the FSA does not eliminate the applicability of statutory mandatory minimums to defendants who were sentenced before its enactment.  *See United States v. Downs*, 487 F. App'x 286, 287 (6th Cir. 2012) ("A sentence reduction pursuant to section 3582(c)(2) can only be made on the basis of amendments to the sentencing guidelines."). Thus, Amendment 750 does not have the effect of lowering the defendant's Guidelines range.

The defendant also seeks a sentence reduction in light of *United States v. Blewett*, 719 F.3d 482 (2013).  In *Blewett*, a divided panel of the Sixth Circuit Court of Appeals held that the Equal Protection Clause requires application of the FSA's reduced statutory penalties to motions to reduce otherwise-final sentences under 18 U.S.C. § 3582(c), regardless of when a defendant was originally sentenced.  719 F.3d at 490–94.

The government petitioned the Court of Appeals for a rehearing en banc.  The Court of Appeals ultimately granted the government's petition, and on December 3, 2013, reversed.  The en banc panel held that the FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect" and that "§ 3582(c)(2) does not provide a vehicle for circumventing that interpretation."  — F.3d —, 2013 WL 6231727, at *2 (6th Cir. Dec. 3, 2013), *cert. denied*, 2014 WL 859676 (Mar. 31, 2014).  The en banc panel further held that the Constitution does not dictate a different result.  *Id.*  Accordingly,

5

because *Blewett* no longer supports the defendant's motion for a sentence reduction, the defendant's motion in this regard will be denied.

## III. Conclusion

For the reasons given above, the defendant's *pro se* motion for a sentence reduction [Doc. 159] is hereby **DENIED**.

IT IS SO ORDERED.

> s/ Thomas A. Varlan
> CHIEF UNITED STATES DISTRICT JUDGE